UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Callins and Senior Judge Petty

NEIL ANTHONY SPENCER

MEMORANDUM OPINION[*]

v.      Record No. 1069-21-3

PER CURIAM
SEPTEMBER 27, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
J. Christopher Clemens, Judge

(J. Thomas Love, Jr., Senior Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Neil Anthony Spencer ("Spencer") appeals the judgment of the Circuit Court of the City of

Roanoke ("circuit court") revoking his previously suspended sentence and imposing an active

ten-year sentence.[1] He asserts that the circuit court abused its discretion by failing to properly

consider the mitigating circumstances related to his old age and serious health problems. After

examining the briefs and the record, we unanimously hold that oral argument is unnecessary

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Spencer's counsel filed a petition for appeal on his behalf, accompanied by a motion for
leave to withdraw as counsel in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).
Subsequently, on January 1, 2022, the amendments to Code § 17.1-407 took effect, providing
Spencer an appeal of right. On January 10, 2022, Spencer submitted a *pro se* filing stating his
arguments for reversal of the circuit court's judgment. On January 14, 2022, this Court issued an
order recognizing Spencer's appeal of right and setting a briefing schedule for the appeal. After
Spencer's counsel filed an opening brief on his behalf, this Court granted Spencer an extension
of time to file, *pro se*, a supplemental opening brief. Spencer did not file any additional *pro se*
supplemental pleadings.

because the appeal is wholly without merit. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, this Court affirms the circuit court's judgment.

## BACKGROUND

In May 2001, Spencer was convicted of second-degree murder and, in September 2001, sentenced to twenty-five years' incarceration, consecutive to all other sentences. The circuit court suspended thirteen years of that sentence conditioned on Spencer's successful completion of ten years of supervised probation. Spencer served his term of active incarceration and began supervised probation in November 2018. In July 2020, Spencer was involved in an automobile accident that resulted in new convictions for involuntary manslaughter and driving while intoxicated ("DWI"). Based on those convictions, Spencer's probation officer filed a major violation report.

At the revocation hearing, Spencer conceded that he had entered *Alford* pleas to the manslaughter and DWI charges and that he was under the influence of methamphetamine when the automobile accident occurred. He did not dispute that he had violated the terms of his suspended sentence but asked the circuit court to show him "mercy." He asked the circuit court to fashion a sentence accounting for his advanced age and need for medical treatments due to injuries he suffered during the automobile accident. After considering the evidence and argument by counsel, the circuit court found Spencer in violation of the conditions of his probation and revoked ten years of his previously suspended sentence. This appeal followed.

## ANALYSIS

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The

evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). After revoking a suspended sentence, a trial court is permitted—but not required—to re-suspend all or part of the sentence. Code § 19.2-306(C)(ii) (Cum. Supp. 2020); *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Spencer does not dispute that the circuit court had sufficient cause to find him in violation of the conditions of his suspended sentence. Instead, he maintains that the sentence the circuit court imposed was excessive. Spencer argues that the circuit court failed to place sufficient weight on mitigating circumstances such as his advanced age and poor health before imposing sentence. He emphasizes that he was nearly sixty-five years old when the circuit court revoked his sentence. As for his health, Spencer stresses that he had undergone ten hip surgeries, developed MRSA as a result of a hip replacement, and requires yet another hip replacement to address "significant pain" associated with standing or walking. Spencer asserts that pain medications other than ibuprofen and Tylenol are unavailable to him while he is incarcerated, and his physician will not perform any additional surgeries while he is incarcerated. Further, although he concedes that he "accepted a plea agreement" to involuntary manslaughter, he maintains that he did so "to avoid the possibility of a more severe sentence." Spencer contends that the circuit court should have imposed a more lenient sentence so he could receive the

medical treatment needed to alleviate his pain.[2] While we acknowledge Spencer's age and health, this Court holds that the circuit court did not abuse its discretion.

The record establishes that Spencer voluntarily pleaded guilty to two new criminal offenses during the suspension period. Because these new crimes were in violation of the conditions of Spencer's probation and suspended sentence, the circuit court did not err in revoking Spencer's suspended sentence. Subsequently, in deciding what part, if any, of that sentence to re-suspend, it was "within the trial court's purview to weigh any mitigating factors presented by [Spencer]," including his age and health issues. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

Although the record supports Spencer's claim that he has a continuing need for medical treatment, the record also demonstrates Spencer's continuing extension of his criminal history. Spencer admitted that he had a felony conviction for shooting someone prior to his conviction for second-degree murder. Moreover, while on probation for second-degree murder, Spencer was convicted of committing involuntary manslaughter and DWI. Spencer pleaded guilty to driving a vehicle while under the influence of "high levels" of methamphetamine, resulting in a serious car accident that killed his passenger.

Based on Spencer's criminal history over the span of twenty years, the circuit court determined that he was a danger to society. Therefore, after finding Spencer in violation of the terms and conditions of his probation and suspended sentence, the circuit court ordered Spencer to serve ten years previously suspended. Finding no clear showing that the circuit court abused its discretion in sentencing Spencer, this Court concludes that this appeal is without merit.

---

[2] Although Spencer states that he failed to preserve his arguments because he "did not object to the circuit court's revocation of the suspended sentence," we conclude that he preserved his arguments when he asked the circuit court to impose a lenient sentence based on his mitigating circumstances. Accordingly, we need not address whether the application of the ends of justice exception in Rule 5A:18 is warranted.

CONCLUSION

Spencer's appeal of the circuit court's revocation sentencing order is without merit.

Therefore, this Court affirms the circuit court's judgment and grants counsel's motion for leave

to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Affirmed.*